UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY JOSEPH JAQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-0080-CVE-SH |
| | ) |
| CODY SMITH, Jail Administrator, | ) |
| BRET BOWLING, Sheriff, | ) |
| DEPUTY KALAVIK, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Henry Joseph Jaquez presently is detained at the Delaware County Jail, in Jay, Oklahoma. Appearing pro se, Jaquez commenced this action on February 27, 2023, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion for leave to proceed in forma pauperis (Dkt. # 2).[1] This matter is before the Court on Jaquez's motion and for preliminary screening of the complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a). For the following reasons, the Court grants the motion for leave to proceed in forma pauperis; waives the requirement that Jaquez make an initial partial payment; finds that the complaint is subject to being dismissed for failure to state any claims on which relief may be granted; and grants Jaquez leave to file an amended complaint.

**A.    Motion to proceed in forma pauperis**

Based on representations in the motion, the Court authorizes Jaquez to proceed without prepayment of the fees necessary to commence this action and waives the requirement that he

---

[1] The Court liberally construes the complaint because Jaquez appears without counsel. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

submit an initial partial payment. 28 U.S.C. §§ 1915(a), (b)(4). However, because Jaquez is a prisoner within the meaning of the PLRA, he is obligated to pay the total filing fee of $350.[2] Id. § 1915(b)(2). In a separate order, the Court will direct officials at the Delaware County Jail to "forward payments from [Jaquez's] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

**B.    Complaint**

    **1.    Allegations in the complaint**

Jaquez brings this action under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege facts showing that (1) a person, (2) acting under color of state law, (3) violated, or caused another to violate, (4) the plaintiff's "rights protected by the federal Constitution or created by federal statute or regulation." Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002).

Jaquez identifies three defendants in the complaint: (1) Creek County Jail Administrator Cody Smith; (2) Creek County Sheriff Bret Bowling; and (3) Creek County Sheriff's Deputy Kalavik, and purports to sue each defendant in his individual and official capacity. Dkt. # 1, at 1-3. 11.[3] Jaquez claims these defendants violated his "rights to be free from sexual assault and retaliation under the 8th and 14th Amendments as a pre-trial detainee" and describes two incidents that allegedly occurred in 2014 and 2023. Id. at 3-5, 10-11.

---

    [2] Because the Court has authorized Jaquez to proceed without prepayment of the $350 filing fee, he is not required to pay the $52 administrative fee that ordinarily must be paid to commence a civil action.

    [3] For consistency, the Court's citations refer to the CM/ECF header pagination. When quoting from the complaint, the Court indicates in brackets words that the Court has added but the Court corrects minor spelling errors without additional notation.

First, on April 14, 2014, Defendants Kalavik and Smith sexually assaulted Jaquez at the Creek County Detention Center. Dkt. # 1, at 5. According to Jaquez, Kalavik and other officers strapped Jaquez to a restraint chair and Kalavik "punched [Jaquez] in [his] groin approx[imately] (15) fifteen to (20) twenty times with a closed fist and [Kalavik was] grinding his closed fist into [Jaquez's] groin while Smith watched." Id. at 4-5. Jaquez alleges that he sustained physical injuries and "mental health trauma" from this assault. Id. at 5. He further alleges that he "was treated with deliberate indifference to a serious medical need" and that he will need mental health counseling "for the rest of [his] life." Id.

Second, on January 3, 2023, Defendant Kalavik and several other deputies arrested Jaquez at his home in Sapulpa, Oklahoma. Dkt. # 1, at 5, 10. According to Jaquez, Defendant Bowling ordered Kalavik to "approach" and "arrest" Jaquez "knowing [Kalavik] had no right to touch [Jaquez] or harass [him] sexually, nor use retaliation against [Jaquez] for filing sexual assault federal charge(s) against Deputy Kalavik in 2014." Id. at 10. Jaquez told Kalavik not to touch him, but Kalavik "aggressively grabbed" Jaquez "with force and tried to slam [him] on the ground and pull [him] down" on the front porch. Id. Jaquez's wife told Kalavik to "please stop," and Kalavik ordered her to "stand back." Id. Kalavik "proceeded to drag [Jaquez] and yank [him] about (100) yards to [Kalavik's] patrol car and put [Jaquez] in the backseat." Id. Jaquez alleges Kalavik said, "I thought we were past all that." Id. Kalavik "then drove [Jaquez] in the patrol car to Cody Smith at the Creek County Jail and was telling" Jaquez that Jaquez "looked good and better than ever," a comment Jaquez perceived as Kalavik's attempt "to sexually harass" Jaquez. Id. Jaquez's wife reported this arrest to "Agent Coordinator Briggs," with the Department of Justice, who confirmed, "on a recorded phone line," that the arrest was "retaliation to a PREA and sexual assault." Dkt. # 1, at 11.

Jaquez requests injunctive relief, monetary damages, and an investigation of the Creek County Sheriff's Office by the Attorney General's Office. Id. at 5.

### 2.     The complaint is subject to being dismissed

Because Jaquez is detained in a county jail and seeks redress from defendants who are governmental officers, the Court must screen his complaint to "identify any cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In addition, because this Court has authorized Jaquez to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss this action "at any time" for the same reasons.

In determining whether all or part of the complaint should be dismissed, a court must accept as true all well-pleaded facts and view those facts in the light most favorable to the plaintiff. Santa Fe All. for Public Health & Safety v. City of Santa Fe, 993 F.3d 802, 811 (10th Cir. 2021). But a court need not "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As previously noted, when a plaintiff appears without counsel, the court must liberally construe the complaint. Hall, 935 F.2d at 1110. This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so" despite the plaintiff's "failure to cite legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements." Id. But the rule of liberal construction does not permit a court to "supply additional

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Applying these standards, the Court finds, for several reasons, that the complaint is subject to being dismissed for failure to state any claims on which relief may be granted.

    a.    **2014 incident**

Jaquez alleges that Defendant Kalavik sexually assaulted him in April 2014, while Jaquez was detained at the Creek County Jail, and that Defendant Smith either participated in or watched the assault.[4] Though not entirely clear from the complaint, Jaquez appears to assert that this alleged assault violated his Fourteenth Amendment right to be free from the use of excessive force.[5] Under the Fourteenth Amendment, "a pretrial detainee can prevail [on an excessive force claim] by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015). Taken as true, Jaquez's allegations arguably are sufficient, at this stage of the litigation, to state a plausible Fourteenth Amendment claim against Kalavik and Smith, arising from the 2014 incident. However, for two reasons, the Court finds that the complaint must be dismissed with prejudice, in part, as to the Fourteenth Amendment claim, for failure to state a claim on which relief may be granted.

---

[4] Even generously construing the complaint, the Court finds no facts suggesting that Defendant Bowling could be personally liable for the 2014 incident. Dkt. # 1, generally; see Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability 'under § 1983 must be based on personal involvement in the alleged constitutional violation.'" (quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997))).

[5] Jaquez also asserts an Eighth Amendment violation. But the Eighth Amendment provides protection from the use of excessive force for convicted inmates, whereas the Fourteenth Amendment provides protection from the use of excessive force for pretrial detainees. Porro v. Barnes, 624 F.3d 1322, 1325-26 (10th Cir. 2010). According to Jaquez's allegations, he was a pretrial detainee during the 2014 incident, so the Fourteenth Amendment applies.

First, the Fourteenth Amendment claim is barred by the applicable statute of limitations. See Jones v. Bock, 549 U.S. 199, 214 (2007) (explaining that a complaint is subject to dismissal for failure to state a claim if the plaintiff's allegations, accepted as true "show that relief is barred by the applicable statute of limitations"); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2007) (noting that sua sponte dismissal of a complaint, under § 1915 is appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed"). "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (1999). And, in Oklahoma, the applicable statute of limitations is two years. Id. Even accepting Jaquez's factual allegations about the 2014 incident as true, it is clear from the face of the complaint that the Fourteenth Amendment claim arising from that incident is barred by the two-year statute of limitations.[6]

Second, the Fourteenth Amendment claim is barred by the doctrine of claim preclusion. "For claim preclusion to apply, 'three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'" Johnson v. Spencer, 950 F.3d 680, 708 (10th Cir. 2020) (alteration in original) (quoting Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017)). However, "even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action." Id. at 708 (quoting Lenox MacLaren Surgical, 847 F.3d

---

[6] In some circumstances, Oklahoma permits the tolling of a statute of limitations. Alexander v. Oklahoma, 382 F.3d 1206, 1217, 1219 (10th Cir. 2004). But, as discussed next, it is also clear from the face of the complaint that the doctrine of claim preclusion bars the Fourteenth Amendment claim against Smith and Kalavik arising from the 2014 incident.

6

at 1239). In the complaint, Jaquez expressly asks this Court to take judicial notice of his prior lawsuits in N.D. Okla. Case No. 14-CV-0205-jed-fhm and Case No. 14-CV-0380-jed-fhm. Dkt. # 1, at 5, 7. Jaquez filed those cases, respectively, in May and June 2014, and sued multiple defendants, including Defendants Kalavik and Smith, under § 1983. The court consolidated the two cases in December 2014 and, in an opinion and order filed in August 2015, the court described count two of the complaint filed in the May 2014 case as alleging a Fourteenth Amendment claim against Kalavik and Smith, arising from the sexual assault that allegedly occurred at the Creek County Jail on April 14, 2014, i.e., the same Fourteenth Amendment claim Jaquez asserts in the instant complaint. See Dkt. # 47, at 3, N.D. Okla. Case Nos. 14-CV-0205-jed-fhm. In that same opinion and order, the court noted that Jaquez did not file a response to the defendants' motion for summary judgment, even after obtaining an extension of time to file a response and even after the court gave Jaquez additional notice from the court that the court could deem the motion for summary judgment confessed in the absence of a response. Id. at 1. Ultimately, the court granted the defendants' request for summary judgment as to the Fourteenth Amendment claim, finding that "the uncontroverted summary judgment record demonstrates that [d]efendants' use of force was objectively reasonable under the circumstances faced by Defendants and did not result in a violation of [Jaquez's] Fourteenth Amendment rights." Id. at 5-6. The court entered a judgment in favor of defendants on August 12, 2015, and there is no indication in this court's records or in the instant complaint that Jaquez appealed from that judgment. Dkt. # 48, N.D. Okla. Case Nos. 14-CV-0205-jed-fhm. In sum, it is clear from the face of the complaint that there was a final judgment on the merits in the prior consolidated § 1983 action, that the identities of the parties and the cause of action are the same in this action and in the prior consolidated action, and that Jaquez had a full and fair opportunity to litigate the Fourteenth Amendment claim in the prior consolidated

action. Thus, the doctrine of claim preclusion bars relief as to the Fourteenth Amendment claim Jaquez asserts against Defendants Smith and Kalavik arising from the 2014 incident.

### b.     2023 incident

Jaquez appears to claim Defendant Bowling and Defendant Kalavik violated his First Amendment right to free speech by arresting him in January 2023 in retaliation for Jaquez's action of filing a federal lawsuit against Kalavik in 2014. "'[A]s a general matter, the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006)).  To prevail on a First Amendment retaliation claim, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" Id. (quoting Hartman, 547 U.S. at 259).  But, in the context of retaliatory arrest claims, "it is particularly difficult to determine whether the adverse government action was caused by the officer's malice or the plaintiff's potentially criminal conduct." Id. at 1724.  Thus, to prevail on a retaliatory arrest claim, a plaintiff generally "must plead and prove the absence of probable cause for the arrest." Id. at 1724, 1727.

Taken as true, Jaquez's factual allegations are not sufficiently developed to state a plausible First Amendment retaliatory arrest claim against any defendant.  Jaquez's facts, even liberally construed, show that Defendant Bowling directed Defendant Kalavik to arrest Jaquez at his home, that Kalavik arrested Jaquez and transported him to jail, and that Defendant Smith was present at the jail when Jaquez arrived.  Jaquez alleges that Bowling and Kalavik both knew about the 2014 lawsuit and appears to allege that Kalavik's statement, "I thought we were past all that," may have referred to the prior lawsuit. Dkt. # 1, at 10.  Even if it would be reasonable to infer an absence of probable cause from these bare facts, the facts alleged do not plausibly suggest that either Kalavik

or Bowling were substantially motivated to arrest Jaquez because Jaquez filed a lawsuit against Kalavik nearly nine years before the arrest—particularly when Kalavik obtained a favorable judgment against Jaquez in the prior lawsuit. See Nieves, 139 S. Ct. at 1725 (noting that if a "plaintiff establishes the absence of probable cause, 'then the Mt. Healthy test governs: The plaintiff must show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated without respect to retaliation'" (alterations in original) (quoting Lozman v. City of Riviera Beach, 138 S. Ct. 1945, 1952-1953 (2018))). Moreover, there are no facts suggesting that Defendant Smith had any role either in directing Kalavik to make the arrest or in making the arrest. See Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability 'under § 1983 must be based on personal involvement in the alleged constitutional violation.'" (quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997))).

      c.    **Official capacity claims**

Finally, to the extent Jaquez purports to sue each defendant in his official capacity, Jaquez fails to state any claims on which relief may be granted. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In this case, that office would be Creek County. To impose liability against a county for an alleged constitutional violation, "a plaintiff must identify 'a government's policy or custom' that caused the injury." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013). There are no facts in the complaint identifying any Creek County, or Creek County Sheriff's Office, policy, custom, or practice that caused Jaquez to suffer the constitutional injuries he alleges.

### 3. Conclusion and opportunity to amend

For the reasons just discussed, the Court finds that the complaint is subject to being dismissed for failure to state any claims on which relief may be granted. However, because Jaquez appears without counsel and it is not plainly apparent that amendment would be futile as to all claims, the Court grants Jaquez leave to file an amended complaint.

Jaquez is advised that if he files an amended complaint, the amended complaint will replace the original complaint. Thus, in the amended complaint, Jaquez must identify all defendants he intends to sue, all claims he intends to present to the Court, and all factual allegations that support those claims, using the court-approved form. Jaquez is further advised that if he sues multiple defendants, he must "make clear exactly who is alleged to have done what to whom, to provide each individual [defendant] with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

No later than 30 days after the date of this order, or on or before April 21, 2023, Jaquez may file an amended complaint, on the court-approved form. The Clerk of Court shall mail to Jaquez one blank 42 U.S.C. § 1983 civil rights complaint (form PRIS-14), marked "amended" and identified for Case No. 23-CV-0080-CVE-SH, along with instructions for completing the form.

### 4. Three-strikes advisement

Lastly, in the complaint Jaquez answered "no" when asked if he has had any previous civil action or appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted." Dkt. # 1, at 6. This is an important question because § 1915(g) provides that a prisoner may not bring a civil action or an appeal in federal court without first paying the full filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This provision, sometimes called the "three strikes rule" does not prevent prisoners from filing new civil actions after they have accrued three strikes. Rather, it prevents prisoners with three strikes from filing new civil actions without prepayment of the full filing fee for the new civil action unless the prisoner can satisfy the imminent-danger exception.

This court's records show that Jaquez has filed multiple civil actions in this court while incarcerated. On at least prior two occasions, this court has dismissed Jaquez's civil actions for failure to state a claim on which relief may be granted. See Dkt. # 10, N.D. Okla. Case No. 14-CV-0075-jed-fhm; Dkt. # 7, N.D. Okla. Case No. 07-CV-0448-GKF-fhm. The Court cautions Jaquez that if this Court dismisses the instant civil action for failure to state a claim on which relief may be granted, Jaquez could accrue a third strike. To avoid obtaining a third strike, Jaquez may voluntarily dismiss this action, instead of filing an amended complaint, by filing a written notice of dismissal no later than 30 days after the entry of this order, or on or before April 21, 2023.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**;

2. Jaquez is authorized to proceed without prepaying the filing fees in full and without making an initial partial payment but remains obligated to pay the $350 filing fee in full through periodic payments, as described in this order;

3. **on or before April 21, 2023**, Jaquez **may file** an amended complaint, on the court-approved form, that (1) includes all claims he intends to pursue in this action (2) includes all factual allegations he intends to present to support those claims, and (3)

provides each defendant he identifies in the amended complaint fair notice of the claim or claims that each defendant must defend against;

4. the Clerk of Court shall **mail** to Jaquez one blank 42 U.S.C. § 1983 civil rights complaint (form PRIS-14), marked "amended" and identified for Case No. 23-CV-0080-CVE-SH, along with instructions for completing the form; and

5. **on or before April 21, 2023**, Jaquez **may** voluntarily dismiss this action, instead of filing an amended complaint, by filing a written notice of dismissal.

**DATED** this 23rd day of March, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE